UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

09 DEC 28 PM 3:24  LK

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| GREGORY J. CRAM,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | CASE NO.<br><br>**1:09-cv-1590 SEB-TAB**<br>COMPLAINT |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Gregory J. Cram for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et. seq., by Defendant.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337.

### III. PLAINTIFF

3. Plaintiff Gregory J. Cram is a natural person residing in Roachdale, Indiana.

### IV. DEFENDANT

4. Defendant Midland Credit Management, Inc. (hereinafter "Midland") is a for-profit foreign corporation with its principal place of business in San Diego, California.

5. At all times referenced herein, Midland was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

### V. STATEMENT OF FACTS

6. On August 3, 2008, Midland sent Plaintiff a letter in an attempt to collect a debt allegedly owed by Plaintiff related to a Nordstrom credit card.

7. On August 7, 2008, Plaintiff sent Midland a request for validation pursuant to 15 U.S.C. § 1692g.

8. Midland has never sent Plaintiff verification of the debt.

9. Midland has continued collection activity on the debt following receipt of the request for validation by monthly reporting of the debt to the three major credit reporting agencies.

10. Midland has falsely reported the debt as an installment account to credit reporting agency Experian within the past year.

11. Plaintiff disputed the reporting of the debt to credit reporting agencies CSC, TransUnion and Equifax; however, Midland failed to conduct a reasonable reinvestigation when notified by the credit reporting agencies of the dispute.

## VI.   CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act

12. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through eleven above.

13. Defendant violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    (a) Engaging in collection activity without having provided verification of the debt in violation of 15 U.S.C. § 1692g.

    (b) Falsely reporting the debt to credit reporting agency Experian Information Solutions, Inc. as an installment loan in violation of 15 U.S.C. §§ 1692e(2).

14. As a result of these violations of the Fair Debt Collection Practices Act, Midland is liable to Plaintiff for his actual damages, statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

### B. Fair Credit Reporting Act

15. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through eleven above.

16. Defendant intentionally and/or negligently violated the Fair Credit Reporting Act. These violations include, but are not limited to:

      (a) Failing to conduct a reinvestigation pursuant to the guidelines outlined in 15 U.S.C. § 1681s-2(b)(1).

18. As a result of these violations of the Fair Credit Reporting Act, Defendant is liable to Plaintiff for his actual damages, statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant in an amount that will compensate him for his actual damages, statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

Robert E. Duff, Atty No. 16022-06
Indiana Consumer Law Group/The
Law Office of Robert E. Duff
310 N. Lebanon St.
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com

3